UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH DONTRELL JACKSON,

            Petitioner,            Case No. 1:08-cv-187

v.                                         Honorable Robert Holmes Bell

BLAINE C. LAFLER,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to exhaust available state-court remedies.

**Discussion**

    I.       Factual allegations

Petitioner Elijah Dontrell Jackson presently is serving a term of 14 to 48 months, imposed by the Kent County Circuit Court on January 2, 2007, after Petitioner pleaded guilty of having escaped from a felony jail sentence in violation of MICH. COMP. LAWS 750.195(2).

According to the sparse allegations of the habeas application, following his conviction, Petitioner did not immediately file a direct appeal. Instead, Petitioner filed a motion for relief from judgment under MICH. CT. R. 6.500 on November 13, 2007. Petitioner alleges that the motion was denied, apparently without prejudice, because Petitioner still had time to file a direct appeal. Petitioner thereafter filed a delayed application for leave to appeal on January 16, 2008. The application was denied by the Michigan Court of Appeals on March 6, 2006, for failure to pursue the case in conformity with the rules and for lack of jurisdiction because the application was not filed within 12 months of the sentence as required by MICH. CT. R. 7.205(F)(3). Approximately one week before the court of appeals dismissed the application for leave to appeal, Petitioner filed the instant habeas action.

    II.      Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4,

6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner fails to demonstrate that he has exhausted his state-court remedies. His direct appeal was dismissed as untimely by the Michigan Court of Appeals on March 5, 2008. As a consequence, no state court has addressed any potential ground for habeas relief.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Although Petitioner attempted to file a motion for relief from judgment prematurely, the motion was denied without prejudice. Therefore, the Court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's delayed application for leave to appeal to the Michigan Court of Appeals was rejected as untimely. He therefore never perfected a direct appeal. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (Emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31(2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), Petitioner's conviction must be considered final at the expiration of the 12-month period for seeking review in the Michigan Court of Appeals, MICH. CT. R. 7.205(F)(3). *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral*, 166 F.3d at 577; *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Petitioner's conviction therefore became final on January 2, 2008. Accordingly, Petitioner has one year, until January 2, 2009, in which to file his habeas petition.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be dismissed for failure to exhaust available state-court remedies. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   March 11, 2008                    /s/  Joseph G. Scoville
                                           United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).